IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: K&R EXPRESS SYSTEMS, INC., ) <br> ) <br> Debtor. ) | |
| DAVID E. GROCHOCINSKI, not ) <br> individually, but as Chapter 7 Trustee ) <br> for K&R Express Systems, Inc., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LaSALLE BANK NATIONAL ) <br> ASSOCIATION, ROBERT ROGULIC ) <br> and MIDWEST FREIGHTWAYS, INC., ) <br> ) <br> Defendants. ) | No. 07 C 2837 |

## MEMORANDUM OPINION AND ORDER

Trustee David Grochocinski brings this adversary proceeding as Chapter 7 Trustee for debtor K&R Express Systems, Inc. ("K&R") against defendants LaSalle Bank National Association ("LaSalle"), Robert Rogulic ("Rogulic"), and Midwest Freightways, Inc. ("Midwest") (collectively "defendants"). The claims of the Trustee include breach of contract, breach of fiduciary duty, aiding and abetting that breach, recovery of unpaid balance and unjust enrichment. Defendants move to withdraw the reference to the bankruptcy court. For the following reasons, defendants' motion is granted.

### BACKGROUND

The Trustee's claims stem from the conduct of LaSalle, Rogulic and Midwest surrounding a revolving loan agreement between LaSalle and K&R (along with other borrowers), which based the loans on K&R's and the other borrowers' accounts receivable.

Midwest is the sole shareholder of K&R and was a guarantor of the agreement. Rogulic is the sole owner of and controls Midwest, along with the other borrowers and a number of entities not parties to the loan agreement. The Trustee alleges that the money advanced by LaSalle under the agreement that was to have been delivered to K&R and the other borrowers, was instead advanced to Midwest and eventually transferred to the non-borrower entities and Rogulic. K&R continued to pay for the loans even though it was not receiving the money, and this severely depleted the funds necessary to finance its operations. Neither Rogulic nor the entities that received the benefit of these loans repaid the allegedly misappropriated funds to K&R, and K&R's assets were subsequently stripped to the detriment of K&R and its creditors.

On March 26, 2004, K&R executed an assignment for the benefit of creditors (the "assignment") to Howard Samuels of Rally Capital Services, LLC, as Trustee, approved by LaSalle. The assignment transferred all of K&R's assets, documents, claims and causes of action to Samuels. On March 31, 2004, Rogulic caused K&R to enter into a forbearance agreement with LaSalle. The other borrowers were also parties to the forbearance agreement, as were Midwest, Rogulic, and one of Rogulic's other entities, London Property, as "Guarantors," and Samuels as "Assignee" of K&R.

Approximately two weeks after K&R entered into the forbearance agreement, on April 15, 2004, certain of K&R's creditors filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against K&R. Petitioners moved the court to request that the United States Trustee appoint a neutral interim Trustee to administer K&R's Chapter 7 estate. (Bankr. Case No. 04-15074, dkt. 11). The bankruptcy court ordered relief on April 24, 2004, and the U.S. Trustee appointed Trustee Grochocinski on April 29, 2004 (dkt. 23 and 24).

On May 25, 2004, Midwest filed a motion in the bankruptcy court seeking reimbursement from the Trustee for Midwest's payments of K&R's expenses. On June 6, 2005, LaSalle filed a proof of secured claim against K&R in the amount of $8,312,173.37. Prior to LaSalle's filing its proof of claim, Rogulic purchased participation rights in LaSalle's claim that exceeded $900,000.

On January 15, 2007, the Trustee filed this adversary proceeding in the bankruptcy court against LaSalle, Rogulic and Midwest. The Trustee alleges that LaSalle breached its contract with K&R by advancing funds to Midwest instead of to K&R at what was ultimately K&R's expense. The Trustee alleges that Rogulic breached his fiduciary duty to K&R by misappropriating K&R's assets for his own personal benefit and the benefit of other entities under his control, and that LaSalle aided and abetted this breach of fiduciary duty because it was aware of Rogulic's breach but nevertheless continued to make advances to Midwest based on K&R's accounts receivable. The Trustee alleges that Midwest owes K&R the full aggregate amount of the unpaid balance of the Midwest receivables, including misappropriated funds from K&R, and further alleges that Midwest was unjustly enriched by the advances it received without full payment back to K&R.[1]

On May 21, 2007, defendants filed a motion to withdraw the reference to the adversary proceeding, and they contend that a consideration of the relevant factors favors withdrawal. They argue that the remaining counts are state law claims which are non-core and for which defendants have demanded jury trials, and that defendants have not consented to the

---

[1] The Trustee alleged, in the initial complaint, that these claims constitute an "interest" possessed by K&R, and that their release under the terms of the forbearance agreement constituted a transfer of that interest. The Trustee claimed that this was a fraudulent transfer and thus avoidable by the Trustee under 11 U.S.C. §§ 544(b), 548, 550 and 740 ILCS 160/5 and 160/6 because it constituted either actual or constructive fraud. However, on July 30, 2007, the parties entered into a stipulation that resulted in the Trustee's voluntary dismissal of the fraudulent transfer claim, leaving only the state law claims remaining.

jurisdiction of the bankruptcy court, requiring withdrawal of the reference.

## ANALYSIS

While federal courts have original jurisdiction under 28 U.S.C. § 1334 over all bankruptcy proceedings arising out of Title 11 of the Bankruptcy Code, such cases are automatically referred to bankruptcy judges for the federal district under 28 U.S.C. § 157(a). In re Vicars Ins. Agency, Inc., 96 F.3d 949, 951 (7th Cir. 1996). However, under 28 U.S.C. § 157(d), the district court may "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[2] The court has broad discretion in determining whether to withdraw a reference based on cause, (In re Sevco, Inc., 143 B.R. 114, 115 (N.D. Ill. 1992)), but at the same time, permissive withdrawal is the exception, rather than the rule, as bankruptcy jurisdiction is "designed to provide a single forum for dealing with all claims to the bankrupt's assets." Xonics v. First Wisconsin Financial Corp., 813 F.2d 127, 131 (7th Cir. 1987). Hence, the movant bears the burden of establishing that withdrawal is appropriate. In re HA 2003, 2004 U.S. Dist. LEXIS 4674, *5 (N.D. Ill. 2004)(citations omitted).

The phrase "for cause shown" is not defined by the statute, but has been interpreted by case law to encompass consideration of a number of factors, including whether the claim or proceeding is core or non-core, considerations of judicial economy, convenience, the particular court's knowledge of the facts, promoting the uniformity and efficiency of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial. In re Sevko, 143

---

[2]Section 157(d) further states that the district court "shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Neither party asserts that "mandatory" withdrawal is appropriate here.

B.R. at 117. However, the most important factor is whether a proceeding is core or non-core, as efficiency, uniformity and judicial economy concerns are largely subsumed within it. In re Conseco, 324 B.R. at 53. "[A] proceeding is core ... if it invokes a substantive right provided by Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." Coe-Truman Techs. v. United States Gov't (In re Coe-Truman Techs.), 214 B.R. 183, 187 (N.D. Ill. 1997)(*quoting* Diamond Mortgage Corp. of Illinois v. Sugar, 913 F.2d 1233, 1239 (7th Cir. 1990)). Non-core proceedings are those only marginally related to the bankruptcy, which often are state law causes of action. In re Conseco Finance Corp., 234 B.R. 50, 53-54 (N.D. Ill. 2005). The bankruptcy judge renders the final decision in core proceedings, subject to appeal to the district court. 28 U.S.C. § 157(b)(1), (c)(2). In contrast, in non-core proceedings the bankruptcy judge merely makes recommendations that are subject to *de novo* review in the district court. § 157(c)(1).

As the Trustee has voluntarily dismissed the fraudulent transfer claim, all of the Trustee's remaining claims are ones that have generally been deemed non-core. *See* In re Coe-Truman Techs., 214 B.R. at 187 (stating that breach of contract claims have consistently and traditionally been found to be non-core); In re Iridium Operating L.L.C., 285 B.R. 822, 832 (S.D.N.Y. 2002) (stating that breach of fiduciary duty, and aiding and abetting breach of fiduciary duty claims are "traditionally labeled non-core"); Massey v. Baker O'Neal Holdings, Inc., 2004 U.S. Dist. LEXIS 2003 (S.D. Ind. 2004)(parties concede and agree that unjust enrichment is non-core).[3] A non-core claim will be considered core if it "arises out of the same

---

[3]Courts have disagreed as to whether district courts are permitted to decide the core status of claims, given the language of § 157(b)(3), which states that the bankruptcy judge "shall determine" whether a proceeding is core or non-core. *See e.g.* In re The Lender's Decision, Inc., 1997 U.S. Dist. LEXIS 16654 (N.D. Ill. Oct. 14, 1997)(determination of core status should only be made by the bankruptcy court); In re Comdisco, 2004 U.S. Dist. LEXIS 11128, 2004 WL 1375353, *2 (district court may determine whether proceeding is core or non-core). The parties do not address this issue here, yet we find that for reasons of judicial efficiency (and because the non-core nature of the Trustee's claims is clearly stated in case law), that

transaction as the creditor's proofs of claim . . . or . . . [its] adjudication . . . would require consideration of issues raised by the proofs of claim . . . such that the two claims are logically related." CDX Liquidating Trust v. Venrock Assocs., 2005 U.S. Dist. LEXIS 16704, *6-7 (N.D. Ill. 2005). While LaSalle has filed a proof of claim in this case, there is no indication here that the claims against LaSalle are related to LaSalle's proof of claim such that they could only be brought in the context of bankruptcy. Furthermore, at least one court in this circuit has held that breach of contract claims, even when related to a creditor's proof of claim, are considered non-core where they could be brought independent of the bankruptcy, where no objection was filed to the proof of claim, and where the cause of action was not structured as a counterclaim. In re T.R. Paris & Family, Inc., 89 B.R. 760, 766 (Bankr. N.D. Ill. 1988); *but see* In re Baudoin, 981 F.2d 736, 741 (5th Cir. 1993)(the court held that theTrustee's breach of loan agreement claim could have been brought as an objection to the proof of claim filed by the creditor bank that was party to the agreement, and thus separate adversary proceeding alleging the same was considered a core proceeding).

Next, we must determine if defendants are entitled to jury trials on their claims – all defendants have filed jury demands. The Supreme Court has established a two-part test to determine whether a claim is one in which a jury trial is afforded. First, the court must determine whether the action would historically have been brought in a court of law or a court of equity. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989). Second, and more importantly, we must examine the remedy sought and determine whether it is legal or equitable in nature. *Id.* Historically, breach of contract claims are claims at law, Continental Cas. Co. v. Commonwealth Edison Co., 286 Ill. App. 3d 572, 579 (Ill. App. Ct. 1997), while

---

we may render such a determination in this case without subverting the spirit of § 157.

breach of fiduciary duty and unjust enrichment sound in equity. Gartenberg v. Merrill Lynch Asset Mgmt., Inc., 487 F. Supp. 999, 1005 (S.D.N.Y. 1980); Cora v. Rancilio Machine Per Caffe' S.P.A., 2003 U.S. Dist. LEXIS 11882 (N.D. Ill. 2003). However, the remedy that the Trustee seeks in all claims is money damages. "Because the nature of the remedy trumps historical labels, the Court finds 'on balance, [that] these two factors indicate. . .[defendants are] entitled to a jury trial' on Trustee's claims." In re CDX Liquidating Trust, 2005 U.S. Dist. LEXIS 16704, *9-10 quoting Granfinanciera, 492 U.S. at 42.

All defendants here have demanded jury trials, and all have expressly refused to consent to the jurisdiction of the bankruptcy court. Such consent is a precondition to a jury trial in the bankruptcy court since without consent bankruptcy court determinations on non-core proceedings are not final, and are subject to *de novo* review by the district court. 157(c)(1). Such review of a jury verdict in the bankruptcy court would run afoul of the Seventh Amendment. In re Cinematronics, Inc., 916 F.2d 1444, 1451 (9th Cir. 1990). However, as stated above, LaSalle has filed a proof of claim in this case. The law is clear in this circuit that such an action constitutes consent to the equitable jurisdiction of the bankruptcy court and thus effects a "waiver" of the right to a jury trial. S.N.A. Nut Co. v. Haagen-Dazs Co. (In re S.N.A. Nut Co.), 2000 U.S. Dist. LEXIS 10430 (D. Ill. 2000) aff'd SNA Nut Co. v. Haagen-Dazs Co., 302 F.3d 725, 730 (7th Cir. 2002)(holding that creditor who filed proof of claim consented to bankruptcy court jurisdiction on related breach of contract claim); *see also* Granader v. Peachtree Lane Assocs. (In re Peachtree Lane Assocs.), 150 F.3d 788, 798 (7th Cir. 1998).

At the same time, neither Midwest nor Rogulic have filed proofs of claim in the bankruptcy court, and their demand for jury trial requires that a decision on the Trustee's claims against them be rendered in this court. In re marchFirst, Inc., 2003 U.S. Dist. LEXIS

26466 (N. D. Ill. 2003). While it may be possible for the bankruptcy court to handle the Trustee's claims against LaSalle, while this court hears the claims against Midwest and Rogulic, we find that considerations of judicial economy and confusion weigh against such an action. It would be inefficient to have the bankruptcy court decide whether or not LaSalle aided and abetted Rogulic's alleged breach of fiduciary duty, while at the same time this court determines whether or not Rogulic breached that duty in the first place. The need for conservation of the debtor's estate further necessitates a finding that the Trustee not be forced to prosecute its related claims in two different forums. Furthermore, we find that withdrawal will not hinder the uniformity and efficiency of bankruptcy administration as these claims do not involve questions or interpretation of bankruptcy law.

We hold that regardless of the status of LaSalle's right to a jury trial or the nature of the Trustee's claims against it, all of the Trustee's claims in this adversary proceeding should be tried together in one forum. Since, for Midwest and Rogulic, that forum necessarily would be this court, we withdraw the reference as to the Trustee's claims against Midwest and Rogulic, as well as the Trustee's claims against LaSalle, out of convenience for the courts and the parties, and for reasons hereinbefore stated.

## CONCLUSION

For the foregoing reasons, we grant defendant's motion to withdraw the reference.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 23, 2007.